UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil Action No.: 4:14-cv-166-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| JAMES C. DEW, JR. (a/k/a J. CHAPPELL ) | |
| DEW, JR and JAMES CHAPPELL DEW), ) | |
| VERONICA W. DEW, and SOUTH ) | |
| CAROLINA DEP'T OF REVENUE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The Government brings this action to (1) reduce to judgment several federal income tax liabilities owed by James C. Dew, Jr., and Veronica W. Dew and (2) foreclose federal tax liens securing those liabilities on real property owned jointly by Mr. and Mrs. Dew. Presently before the Court is Defendants James C. Dew, Jr. and Veronica W. Dew's Motion to Dismiss (Document # 11). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

Defendants'[1] Motion to Dismiss consists of one paragraph:

> Now come alleged Defendants, JAMES C. DEW, JR. and VERONICA W. DEW, and Conditionally Accepts Plaintiff's allegations in paragraphs 1 through 28 of the COMPLAINT upon strict proof of claim; that there is not an authenticated stipulated record of setoff, settlement and closure in this matter and that the Statute of Limitations under Title 28 U.S.C. § 2462 does not make the claims in this case moot; and further Demands Plaintiff Show Cause why this complaint should not be

---

[1] The South Carolina Department of Revenue is also named as a Defendant in this action because it may claim an interest in the real property at issue here as a result of state tax liabilities the Dews may owe. The South Carolina Department of Revenue has filed an Answer and is not a party to this Motion to Dismiss. The use of "Defendants" throughout this Report and Recommendation refers to the Dews only.

-2-

dismissed.

Motion to Dismiss p. 1.

Defendants assert that they conditionally accept Plaintiff's allegations upon strict proof, there is not an authenticated stipulated record of setoff, settlement and closure, and the statute of limitations does not make the claims in this case moot. Why these assertions are included within a motion to dismiss is unclear. A court may not construct a party's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411, 417-18 (7th Cir.1993), nor should a court "conjure up questions never squarely presented." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir.1985). Simply stated, Defendants' Motion lacks merit. Therefore, it is recommended that Defendants James C. Dew, Jr. and Veronica W. Dew's Motion to Dismiss (Document # 11) be denied and that these Defendants be directed to file an Answer within fourteen days of the date of the District Judge's Order in accordance with Rule 12(a)(4)(A), Fed.R.Civ.P.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 22, 2014
Florence, South Carolina

**The parties are directed to the important information on the following page.**

-2-