UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil Action No.: 4:14-cv-0166-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | |
| ) | **REPORT AND RECOMMENDATION** |
| JAMES C. DEW, JR. (a/k/a J. CHAPPELL ) | |
| DEW, JR and JAMES CHAPPELL DEW), ) | |
| VERONICA W. DEW, and SOUTH ) | |
| CAROLINA DEP'T OF REVENUE, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.     INTRODUCTION**

The Government brings this action to (1) reduce to judgment several federal income tax liabilities owed by James C. Dew, Jr., and Veronica W. Dew and (2) foreclose federal tax liens securing those liabilities on real property owned jointly by Mr. and Mrs. Dew. Instead of filing an answer to the complaint, the Dews filed a motion to dismiss, which was denied by order (Document # 55) dated June 23, 2014. The court directed the Dews to file an answer within fourteen days of the date of the order. The Dews failed to do so. Instead, Mr. Dew filed numerous motions (Documents # 60, 61, 62, 63) lacking any coherent argument or legal basis. These motions were denied as well.

Presently before the Court is the Government's Motion for Summary Judgment (Document # 73). Because the Dews are proceeding pro se, they were advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to the Government's motion could result in

the motion being granted. Mr. Dew[1] filed a Response (Document # 80) on December 19, 2014.[2] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this Report and Recommendation is entered for review by the district judge.

**II.     FACTS**

   **A.     Tax Liabilities of James C. Dew, Jr.**

James C. Dew, Jr., failed to timely file federal income tax returns for 1998, 1999, 2001, 2002, 2003 and 2004. Certificates of Assessments, Payments, and Other Specified Matters (hereinafter, Forms 4340) for J. Chappell Dew (Ex. 1 to Pl. Motion); Porter Decl. and Exs. (Ex. 4 to Pl. Motion) pp. 6-17.[3] Because Mr. Dew did not file timely federal income tax returns for 1998, 1999, 2001, 2002, 2003 and 2004, the Internal Revenue Service (IRS) determined his federal tax liabilities for those years based on available information. Forms 4340 for J. Chappell Dew pp. 2, 7, 12, 17, 22, 27; Porter Decl. and Exs. pp. 7, 9, 11, 13, 15, 17. After issuing a notice of deficiency for the tax years 1998, 1999, 2001, 2002, 2003, and 2004, a delegate of the Secretary of the Treasury assessed income taxes, failure-to-pay penalties, tax penalties, late-filing penalties, and interest against Mr. Dew for each above-mentioned tax year as set forth below:

---

[1]Although this response purports to be filed by both Mr. and Mrs. Dew, it is signed only by Mr. Dew, who, as a pro se party cannot respond on behalf of another pro se party.

[2]Mr. Dew subsequently also requested additional time until March 20, 2015, to file a sur-reply to the Government's reply, which the court granted. However, no sur-reply has been filed.

[3]Page references are to the page numbers generated through ECF.

| Tax Period | Assessment Date | Assessment Amount | Type of Assessment |
|---|---|---|---|
| 1998 | 04/21/08 | $    342.45 | estimated tax penalty |
|  | 04/21/08 | $ 1,730.93 | late-filing penalty |
|  | 04/21/08 | $ 9,574.00 | tax |
|  | 04/21/08 | $ 7,841.06 | interest |
|  | 04/21/08 | $ 1,923.25 | failure-to-pay-tax penalty |
| 1999 | 04/21/08 | $ 1,087.76 | estimated tax penalty |
|  | 04/21/08 | $ 5,181.75 | late-filing penalty |
|  | 04/21/08 | $28,008.00 | tax |
|  | 04/21/08 | $19,318.00 | interest |
|  | 04/21/08 | $ 5,757.50 | failure-to-pay-tax penalty |
| 2001 | 04/21/08 | $   846.80 | estimated tax penalty |
|  | 04/21/08 | $ 4,906.58 | late-filing penalty |
|  | 04/21/08 | $27,364.00 | tax |
|  | 04/21/08 | $12,004.28 | interest |
|  | 04/21/08 | $ 5,451.75 | failure-to-pay-tax penalty |
| 2002 | 04/21/08 | $ 1,291.00 | estimated tax penalty |
|  | 04/21/08 | $ 8,775.23 | late-filing penalty |
|  | 04/21/08 | $42,322.00 | tax |
|  | 04/21/08 | $17,624.85 | interest |
|  | 04/21/08 | $ 9,750.25 | failure-to-pay-tax penalty |
| 2003 | 04/21/08 | $ 1,110.35 | estimated tax penalty |
|  | 04/21/08 | $ 9,546.53 | late-filing penalty |
|  | 04/21/08 | $42,429.00 | tax |
|  | 04/21/08 | $16,037.25 | interest |
|  | 04/21/08 | $10,395.10 | failure-to-pay-tax penalty |

| 2004 | 04/21/08 | $    801.83 | estimated tax penalty |
|------|----------|-------------|----------------------|
|      | 04/21/08 | $ 6,215.18  | late-filing penalty  |
|      | 04/21/08 | $27,623.00  | tax                  |
|      | 04/21/08 | $ 8,374.28  | interest             |
|      | 04/21/08 | $ 5,110.25  | failure-to-pay-tax penalty |
|      | 10/05/09 | $ 1,795.50  | failure-to-pay-tax penalty |

Id.

A delegate of the Secretary of Treasury issued notices of the assessments set forth above (labeled as Statutory Notice of Balance Due) and made demand for payment. Forms 4340 for J. Chappell Dew pp. 4, 9, 14, 19, 23, 29. Mr. Dew has not fully paid the income taxes assessed against him. As of October 31, 2014, taking into account all appropriate credits, payments and abatements, Mr. Dew owes $413,106.10 in federal income tax liabilities for 1998, 1999, 2001, 2002, 2003 and 2004. Porter Decl. and Exs. pp. 3, 38.

    **B.    Tax Liabilities of Veronica W. Dew**

Veronica W. Dew failed to timely file federal income tax returns for 1998, 1999, 2001, 2002, 2003 and 2004. Forms 4340 for Veronica Dew (Ex. 2 to Pl. Motion); Porter Decl. and Exs. (Ex. 4 to Pl. Motion) pp. 18-29. Because Mrs. Dew did not file timely federal income tax returns for 1998, 1999, 2001, 2002, 2003 and 2004, the Internal Revenue Service (IRS) determined her federal tax liabilities for those years based on available information. Forms 4340 for Veronica Dew pp. 2, 6, 10, 14, 18, 22; Porter Decl. and Exs. pp. 19, 21, 23, 25, 27, 29, 31. After issuing a notice of deficiency for the tax years 1998, 1999, 2001, 2002, 2003, and 2004, a delegate of the Secretary of the Treasury assessed income taxes, failure-to-pay penalties, tax penalties, late-filing penalties, and interest against Mrs. Dew for each above-mentioned tax year as set forth below:

| Tax Period | Assessment Date | Assessment Amount | Type of Assessment |
|---|---|---|---|
| 1998 | 04/21/08 | $    100.00 | late-filing penalty |
|  | 04/21/08 | $    844.93 | tax |
|  | 04/21/08 | $    452.43 | interest |
|  | 04/21/08 | $    109.50 | failure-to-pay-tax penalty |
| 1999 | 04/21/08 | $     99.46 | estimated tax penalty |
|  | 04/21/08 | $    501.75 | late-filing penalty |
|  | 04/21/08 | $ 3,802.00 | tax |
|  | 04/21/08 | $ 1,908.05 | interest |
|  | 04/21/08 | $    557.50 | failure-to-pay-tax penalty |
| 2001 | 04/21/08 | $    120.71 | estimated tax penalty |
|  | 04/21/08 | $    769.95 | late-filing penalty |
|  | 04/21/08 | $ 7,036.00 | tax |
|  | 04/21/08 | $ 1,883.74 | interest |
|  | 04/21/08 | $    855.50 | failure-to-pay-tax penalty |
| 2002 | 04/21/08 | $    168.89 | estimated tax penalty |
|  | 04/21/08 | $ 1,185.30 | late-filing penalty |
|  | 04/21/08 | $ 7,189.00 | tax |
|  | 04/21/08 | $ 2,380.64 | interest |
|  | 04/21/08 | $ 1,317.00 | failure-to-pay-tax penalty |
| 2003 | 04/21/08 | $    102.11 | estimated tax penalty |
|  | 04/21/08 | $    878.18 | late-filing penalty |
|  | 04/21/08 | $ 3,903.00 | tax |
|  | 04/21/08 | $ 1,475.26 | interest |
|  | 04/21/08 | $     19.52 | failure-to-pay-tax penalty |
| 2004 | 04/21/08 | $    118.16 | estimated tax penalty |

|  | 04/21/08 | $   915.98 | late-filing penalty |
|--|----------|------------|---------------------|
|  | 04/21/08 | $ 4,071.00 | tax |
|  | 04/21/08 | $ 1,234.19 | interest |
|  | 04/21/08 | $   753.13 | failure-to-pay-tax penalty |
|  | 04/21/08 | $   264.61 | failure-to-pay-tax penalty |

Id.

A delegate of the Secretary of Treasury issued notices of the assessments set forth above (labeled as Statutory Notice of Balance Due) and made demand for payment. Forms 4340 for Veronica Dew pp. 3, 7, 11, 15, 19, 23. Mrs. Dew has not fully paid the income taxes assessed against her. As of October 31, 2014, taking into account all appropriate credits, payments and abatements, Mrs. Dew owes $48,924.34 in federal income tax liabilities for 1998, 1999, 2001, 2002, 2003 and 2004. Porter Decl. and Exs. pp. 4, 39.

### C.     The Dews' Joint Tax Liabilities

Mr. and Mrs. Dew are husband and wife. On January 27, 2009, the Dews filed with the IRS joint federal income tax returns for calendar years 2005 and 2006, but did not remit full payment of the tax reported to be owed. Porter Decl. and Exs. pp. 30-33. On October 5, 2009, the Dews filed with the IRS a joint federal income tax return for calendar year 2007, but did not remit full payment of the tax reported to be owed. Porter Decl. and Exs. pp. 34, 35. On October 15, 2009, the Dews filed with the IRS a joint federal income tax return for calendar year 2008, but did not remit full payment of the tax reported to be owed. Forms 4340 for the Dews (Ex. 3 to Pl. Motion) p. 17; Porter Decl. and Exs. pp.37, 38. For the tax years 2005, 2006, 2007, and 2008, a delegate of the Secretary of the Treasury assessed the income taxes that the Dews reported on their returns for those years. The

assessments against the Dews of tax, related penalties, and interest were made on the dates and in the amounts listed in the following table:

| Tax Period | Assessment Date | Assessment Amount | Type of Assessment |
|---|---|---|---|
| 2005 | 04/06/09 | $ 259.08 | estimated tax penalty |
| | 04/06/09 | $ 6,459.00 | tax |
| | 04/06/09 | $ 1,453.27 | late-filing penalty |
| | 04/06/09 | $ 1,777.60 | interest |
| | 04/06/09 | $ 1,162.62 | failure-to-pay-tax penalty |
| 2006 | 05/04/09 | $ 8,121.00 | tax |
| | 05/04/09 | $ 360.45 | late-filing penalty |
| | 05/04/09 | $ 260.76 | interest |
| | 05/04/09 | $ 200.25 | failure-to-pay-tax penalty |
| 2007 | 09/13/10 | $ 292.00 | estimated tax penalty |
| | 09/13/10 | $13,979.00 | tax |
| | 09/13/10 | $ 1,611.67 | late-filing penalty |
| | 09/13/10 | $ 1,026.40 | interest |
| | 09/13/10 | $ 1.038.63 | failure-to-pay-tax penalty |
| 2008 | 12/14/09 | $10,544.00 | tax** |
| | 12/14/09 | $ 5.56 | failure-to-pay-tax penalty |
| | 12/14/09 | $ 64.34 | interest*** |
| | 01/11/10 | $ 0.69 | failure-to-pay-tax penalty |
| **$2,245.00 in tax abated on 01/11/10 | | | |
| ***$64.34 in interest abated on 01/11/10 | | | |

Forms 4340 for the Dews pp. 2, 7, 12, 13, 16, 17; Porter Decl. and Exs. pp. 31, 33, 35, 37.

A delegate of the Secretary of Treasury duly issued notice of the assessments set forth above

and made demand for payment as provided by law. Forms 4340 for the Dews pp. 4, 9, 14, 19. The Dews have has not fully paid the income taxes jointly assessed against them. As of October 31, 2014, they jointly and severally owe the sum of $30,662.44 with respect to their federal income tax liabilities for 2005, 2006, 2007, and 2008. Porter Decl. and Exs. pp. 4, 40.

### D.     The Subject Property

By deed dated September 18, 1992, the Dews acquired "for and during their joint lives, and upon the death of either of them, then to the survivor of them, his or her heirs and assigns forever in fee simple, together with every contingent remainder or right of reversion" the real property described as follows:

> ALL AND SINGULAR, all that certain piece, parcel or lot of land, with improvements thereon, situate, lying and being in Ocean Drive Beach, Little River Township, Horry County, South Carolina, being shown and designated as LOT SIXTY FOUR (64), of Section "F", of Ocean Drive Estates, on a plat thereof made by E.L. Irvin, Surveyor, and recorded in Plat Book 1 at page 79-A, records of Horry County, and, also, as shown on Plat made by Myers and Thomas, Surveyors, as Lot Sixty-Four (64), of Section "CC", said plat recorded in the Office of the Clerk of Court for Horry County in Plat Book 1 at page 92, said lot having uniform width of fifty (50') feet and a uniform depth of one hundred fifty (150) feet.

Deed (Ex. 5 to Pl. Motion). The real property is located at 421 Pine Ave., North Myrtle Beach, South Carolina, 29582. The deed was filed with the Register of Mesne Conveyances, Horry County, South Carolina, on September 21, 1992, in Book 1578, pp. 824-26. Id.

### E.     Tax Liens

Because the Dews failed to pay in full the federal taxes set forth above after notice of the assessments and demand for payment, federal tax liens arose on the dates of assessment and attached to all property or rights to property belonging to the Dews. See 26 U.S.C. § 6321.

The South Carolina Department of Revenue (SCDOR) also claims liens for the following

state income tax liabilities:

| Year | Assessment Date | Amount Claimed (as listed on notice of state tax lien) |
|---|---|---|
| 2002 | 04/08/10 | $1,435.18 |
| 2003 | 03/23/10 | $6,043.48 |
| 2004 | 03/24/10 | $4,977.33 |
| 2005 | 03/23/10 | $5,198.52 |
| 2007 | 02/23/10 | $1,285.00 |

SCDOR Tax Liens (Exs. 6-10 to Pl. Motion).

### F.      James C. Dew's Bankruptcy Petition

Mr. Dew filed a Chapter 7 Bankruptcy Petition on December 7, 2011. In re James Chappell Dew, Jr., No. 11-07559-dd (Bankr. D.S.C.). On April 27, 2012, the bankruptcy court entered a general discharge under 11.U.S.C. § 727.

### III.    STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. at 322. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party

must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**IV.    DISCUSSION**

It has long been held that a "ruling [by the Commissioner of Internal Revenue] has the support of a presumption of correctness and the petitioner has the burden of proving it to be wrong." Welch v. Helvering, 290 U.S. 111, 115 (1933). This presumption of correctness applies to suits in which the Government brings suit to reduce a liability to judgment. United States v. Sarubin, 507 F. 3d 811, 816 (4th Cir. 2007); United States v. Pomponio, 635 F. 2d 293, 296-297 (4th Cir. 1980).

The Government establishes a prima facie case of a defendant's tax liability by submitting Forms 4340 to the court. See United States v. Pomponio, 635 F.2d 293, 296 (4th Cir.1980). After the United States establishes a prima facie case, the burden shifts to the defendant to demonstrate that the assessment was incorrect or arbitrary. Id. at 296.

Here, the Government has produced Forms 4340 setting forth the Dews' tax liabilities, both separately and jointly. As established by the declaration of Ernest Porter and the Forms 4340, the unpaid balances, as of October 31, 2014, are $413,106.10 and $48,924.34 for James Dew's and Veronica Dew's respective separate income tax liabilities, and $30,924.73 for the Dews' joint income tax liabilities. Thus, the burden shifts to the Dews to rebut the presumption of correctness of these assessments. In his response, Mr. Dew does not argue that the assessments are incorrect. Therefore, he fails to create an issue of fact with respect to amount of tax liabilities owed.

Mr. Dew does, however, argue that all of his debts were discharged by the bankruptcy court. The Government argues that the discharge does not affect the relief it seeks in this action for several reasons. First, Mrs. Dew did not join in Mr. Dew's bankruptcy petition. Therefore, his discharge does not impact Mrs. Dew's individual federal tax liabilities for 1998, 1999, 2001, 2002, 2003, or 2004. Additionally, Mr. Dew's discharge does not impact Mrs. Dew's liability for the couple's joint federal tax liabilities for 2005, 2006, 2007, and 2008. See 11 U.S.C. § 524(e) (providing that "[with exceptions not applicable here] discharge of a debt of the debtor does not affect the liability of any other entity[4] on, or the property of any other entity for, such debt").

Next, a discharge obtained under Chapter 7 of the Bankruptcy Code does not discharge a debt

---

[4]The term "entity" refers to a "person, estate, trust, governmental unit and United States trustee." 11 U.S.C. § 101(15).

for a tax for which the debtor was required to file a return, but did not do so. 11 U.S.C. § 523(a)(1)(B)(I). It is undisputed that Mr. Dew failed to file income tax returns for the years 1998, 1999, 2001, 2002, 2003, and 2004.[5] Therefore, Mr. Dew's tax liabilities for these years have not been discharged.

Finally, Mr. Dew's federal income tax liability for the year 2008 has not been discharged. The return for the 2008 tax year was due April 15, 2009. As set forth above, Mr. Dew filed his Chapter 7 bankruptcy petition on December 7, 2011. Because the return for 2008 was due within three years of the date that Mr. Dew filed his petition, see 11 U.S.C. § 507(a)(8), such a liability is excepted from discharge pursuant to 11 U.S.C. § 523(a)(1)(A).

As for Mr. Dew's remaining federal income tax liabilities, the Government concedes that Mr. Dew's discharge applies and, thus, the Government may not obtain a judgment personally against Mr. Dew for the his federal income tax liabilities for 2005, 2006, and 2007. However, the Government argues that, as a result of these tax liabilities, federal tax liens have arisen, which continue to attach to property or rights to property that Mr. Dew held prior to filing his bankruptcy petition.

Pursuant to 26 U.S.C. § 6321, "[i]f any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or

---

[5] On January 27, 2009, Mr. and Mrs. Dew submitted a "joint return" for tax year 2004. However, by that time, the Internal Revenue Service (IRS) had already expended the effort to calculate Mr. Dew's and Mrs. Dew's tax liabilities for 2004, and, on April 21, 2008, assessed the tax, along with interest and penalties. In In re Moroney, 352 F.3d 902, 907 (4th Cir. 2003), the Fourth Circuit held that a debtor may not discharge a tax liability by submitting a purported return years after it was due and after the IRS had determined the debtor's tax liability and assessed the tax. Accordingly, the Dews' 2004 "joint return" is insufficient to constitute a return under § 523(a)(1)(B)(i).

assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Congress intended that the federal tax lien "reach every interest in property that a taxpayer might have." United States v. Nat'l Bank of Commerce, 472 U.S. 713 (1985). See also Glass City Bank v. United States, 326 U.S. 265, 267 (1945) ("Stronger language could hardly have been selected to reveal a purpose to assure the collection of taxes.").

The federal tax lien arises at the time the assessment is made and remains until the liability is satisfied or becomes unenforceable due to lapse of time. 26 U.S.C. § 6322; see Drye v. United States, 528 U.S. 49, 55 n.2 (1999). When Mr. Dew filed his bankruptcy petition on December 7, 2011, his tax liabilities at issue had been assessed and notice and demand had been issued. The federal tax liens that arose prior to his bankruptcy action continue to attach to property or rights to property that Mr. Dew held prior to filing his bankruptcy petition, regardless of whether Mr. Dew is personally discharged from the underlying liabilities. See Dewsnup v. Timm, 502 U.S. 410, 417, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) (holding that "liens pass through bankruptcy unaffected"); In re Hamlett, 322 F.3d 342, 347-48 (4th Cir. 2003). Therefore, federal tax liens securing Mr. Dew's federal income tax liabilities for 2005, 2006, and 2007 remain in force.

The Dews hold 421 Pine Avenue as tenants in common with a right of survivorship under South Carolina law. See Smith v. Cutler, 623 SE 2d 644 (S.C. 2005). The federal tax liens securing their joint liabilities attach to the entire property. The federal tax liens securing each spouse's separate liabilities are enforceable against their respective interests. See United States v. Rodgers, 461 U.S. 677, 692-94 (1983); United States v. Craft, 535 U.S. 374, 284, 288 (2002). If the other spouse's interest is not encumbered by federal tax liens, the non-delinquent spouse is compensated

with the "fair cash value" of his or her interest in the property. Rodgers, 461 U.S. at 703-04. However, that is not the case here, as both spouses are delinquent. As such, pursuant to 26 U.S.C. § 7403(c), once "a claim or interest of the United States . . . is established [the court] may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States."

As noted above, the property at interest here, 421 Pine Avenue, is encumbered by both federal and state tax liens. The priority of a federal tax lien as against liens created under state law is determined "by the common-law rule–'the first in time is the first in right.'" United States v. Pioneer Am. Ins. Co., 374 U.S. 84, 88 (1963) (quoting United States v. New Britain, 347 U.S. 81, 85-86 (1954)); see also United States By and Through I.R.S. v. McDermott, 507 U.S. 447, 449 (1993). Thus, the court must determine "when competing liens, whether federal- or state-created, [came] into existence or [became] valid." Id. In making that determination, the priority of a state created lien depends on the "time it attached to the property in question and became choate." Pioneer Am., 374 U.S. at 89 (quoting New Britain, 347 U.S. at 86). Once a state-created lien becomes choate, it will have priority over a later federal tax lien, but an inchoate lien will not. Id. The state-created lien becomes choate "when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." New Britain, 347 U.S. at 84; Pioneer Am., 374 U.S. at 89; United States v. Vermont, 377 U.S. at 351, 355 (1964).

As discussed above, a federal tax lien arises "at the time the assessment is made" if a taxpayer fails to pay an assessed federal tax liability after notice and demand. 26 U.S.C. § 6322. Similarly, South Carolina law provides that if a person fails to pay a tax after demand, there is a lien

-14-

"in favor of the Department of Revenue on all property and rights to property, real or personal, tangible or intangible, belonging to the person." S.C. Code Ann. § 12-54-120(A)(1). That lien is "effective on the date of the assessment of the tax." S.C. Code Ann. § 12-54-120(A)(2)(b). Hence, the assessment dates of the taxes determine priority between the state and federal tax liens. The federal taxes owed individually by Mr. and Mrs. Dew for 1998, 1999, 2001, 2002, 2003, and 2004 were all assessed on April 21, 2008. The state taxes were assessed between February 23, 2010, and April 8, 2010. Thus, the federal tax liens securing the Dews' individual tax liabilities for 1998, 1999, 2001, 2002, 2003, and 2004 are superior to the state tax liens. The assessments for the 2005, 2006, and 2008 joint federal tax liabilities were made on April 6, 2009, May 4, 2009, and December 14, 2009, respectively. Therefore, the tax liens securing these liabilities are superior as well. The assessment of the joint tax liability for 2007 was made on September 13, 2010, after the state tax liabilities were assessed. Therefore, the state tax liens have priority over the lien securing the joint federal income tax liability for 2007. The SCDOR is a party to this action and has not disputed the Government's representation of the priority of liens.

As such, once 421 Pine Avenue is liquidated through foreclosure, the sale proceeds should first be applied to the unpaid federal tax liabilities of Mr. and Mrs. Dew for every year at issue except for 2007. If any proceeds remain after those liabilities (including interest and penalties thereon) are satisfied, those proceeds can be paid to the SCDOR, with any surplus payable first to the United States on account of the tax lien that arose upon assessment of the Dews' joint federal income tax liability for 2007, and if satisfied, to the Dews.

## V. CONCLUSION

For the reasons set forth above, because the Dews have failed to create a genuine dispute of

fact as to any of the issues in this case, it is recommended that (1) the Government's Motion for Summary Judgment (Document # 73) be granted, (2) Mr. and Mrs. Dews' unpaid federal tax liabilities be reduced to judgment (except Mr. Dew's discharged liabilities for years 2005, 2006, and 2007), (3) the liens foreclosed, (4) the property, 421 Pine Avenue, be sold, and (5) the proceeds distributed according to the priority set forth above.[6]

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 28, 2015
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[6] If the District Judge accepts this recommendation, all remaining motions will be moot.