IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | C/A No.: 4:14-cv-00166-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| James C. Dew, Jr. (a/k/a J. Chappell | ) | |
| Dew, Jr. and James Chappell Dew, Jr.), | ) | |
| Veronica W. Dew, and South Carolina | ) | |
| Dep't of Revenue, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

# **ORDER**

On January 17, 2014, the United States of America ("Plaintiff") filed this action to (1) reduce to judgment several federal income tax liabilities owed by James C. Dew, Jr. and Veronica W. Dew (collectively "Mr. and Mrs. Dew"), and (2) foreclose federal tax liens securing those liabilities on real property owned jointly by Mr. and Mrs. Dew. (ECF No. 1). Mr. and Mrs. Dew filed a Motion to Dismiss, (Doc. #11), on February 24, 2014. This Court denied that motion on June 23, 2014, in an order (ECF No. 55) accepting the Report and Recommendation filed on April 22, 2014, by Magistrate Judge Thomas E. Rogers, III (ECF No. 38). Thereafter, the Plaintiff filed a motion for summary judgment on November 6, 2014 (ECF No. 73). This matter now comes before the Court on the second Report and Recommendation ("the Report") filed by Magistrate Judge Thomas E. Rogers on May 28, 2015. (ECF No. 100). In the Report, the Magistrate Judge recommends that this Court: (1) grant the Plaintiff's Motion for Summary Judgment; (2) reduce Mr. and Mrs. Dew's unpaid federal tax liabilities to judgment (except for

1

Mr. Dew's discharged liabilities for 2005, 2006, and 2007); (3) foreclose the liens; (4) order that the property, 421 Pine Avenue, be sold; and (5) order that the proceeds be distributed according to the priority described in the Report. The Report also notes that if the District Court accepts its recommendations as outlined above, any remaining pending motions should be terminated as moot. Objections were due by June 15, 2015. Mrs. Dew filed objections on June 15, 2015. (ECF No. 102). Mr. Due did not file objections until June 17, 2015 (ECF No. 104); however, the Court has reviewed and considered these objections.

In conducting its review of the Report and the objections, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. The objections filed by Mr. and Mrs. Dew (ECF Nos. 104, 106) are **OVERRULED**.[1] For the reasons articulated by the Magistrate Judge, it is hereby **ORDERED**

---

[1] The Court notes that Mrs. Dew filed objections asserting an "innocent spouse" defense pursuant to 26 U.S.C. § 6015(f). Even assuming such a claim can properly be raised for the first time in the objections, the innocent spouse defense cannot be considered by this Court because it lies within the exclusive jurisdiction of the tax court. See Jones v. C.I.R., 642 F.3d 459, 461 (4th Cir. 2011) (noting that § 6015(f) authorizes the "Secretary of the Treasury"

that the Report (ECF No. 100) is **ACCEPTED**. The Motion for Summary Judgment filed by the Plaintiff (ECF No. 73), is **GRANTED**. Mr. and Mrs. Dew's unpaid federal tax liabilities are reduced to judgment (except Mr. Dew's discharged liabilities for years 2005, 2006, and 2007). The federal liens are ordered foreclosed and the property at 421 Pine Avenue is ordered to be sold, with the proceeds to be distributed according to the priority set forth in the Report. The Plaintiff's pending Motion for Relief from Alternative Dispute Resolution and Mediation Requirements (ECF No. 74) is **TERMINATED** as **MOOT** in light of this order.

    **IT IS SO ORDERED**.

s/Terry L. Wooten
Chief United States District Judge

August 26, 2015
Columbia, South Carolina

---

to grant an innocent spouse relief; see also United States v. Elman, No. 10 CV 6369, 2012 WL 6055782, at *4 (N.D. Ill. Dec. 6, 2012) (stating that "exclusive jurisdiction over [the defendant's] innocent spouse defense under § 6015(f) lies with the Tax Court.").